IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

ERICA DAWN PRIDGEN O/B/O
M.M.M., a minor child,

        Plaintiff,

vs.

NANCY A. BERRYHILL,[1]
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 16-CV-91-FHM

**OPINION AND ORDER**

Plaintiff, Erica Dawn Pridgen, on behalf of M.M.M. a minor child,[2] seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[3] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

**Standard of Review**

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v.*

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Nancy A. Berryhill, Acting Commissioner of Social Security Administration, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g)

[2] Throughout this Opinion and Order, the court will refer to the minor child as Plaintiff.

[3] Plaintiff's August 28, 2012, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") B.D. Crutchfield was held April 16, 2014. By decision dated July 10, 2014, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on December 21, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

*Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

### Sequential Evaluation for Child's Disability Benefits

The procedures for evaluating disability for children are set out at 20 C.F.R. § 416.924(a). The first step is to determine whether the child is performing substantial gainful activity. If not, the next consideration is whether the child has a "severe" mental or physical impairment. A "severe" impairment is one that causes more than minimal functional limitations. If a "severe" impairment is identified, the claim is reviewed to determine whether the child has an impairment that: 1) meets, medically equals, or functionally equals the listings of impairments for children;[4] and 2) meets the duration requirement.

If the child does not have impairments of a severity to meet a listing, the severity of the limitations imposed by impairments are analyzed to determine whether they functionally

---

[4] The listings describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively demonstrate disability. 20 C.F.R. Pt. 404, Subpt. P, App.1.

equal a listing. Six broad areas of functioning, called domains, are considered to assess what a child can and cannot do. Impairments functionally equal a listing when the impairments result in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a. The six domains are: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A limitation is "marked" when it interferes seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2)(I). An "extreme" limitation interferes very seriously with the ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(I).

## Background

Plaintiff was 9 years old on the amended date of alleged onset of disability and 10 on the date of the ALJ's denial decision. She claims to have been disabled since August 20, 2012 as a result of attention deficit disorder, oppositional defiant disorder, and anxiety.

## The ALJ's Decision

The ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listings. The ALJ proceeded to make findings as to the six domains of functional equivalence, as follows: Plaintiff has less than marked limitation in acquiring and using information; Plaintiff has a marked limitation in attending and completing tasks; Plaintiff has less than marked limitation in interacting and relating with others; Plaintiff has no limitation in moving about and manipulating objects; Plaintiff has no limitation in the ability to care for herself; and less

than marked limitation in health and physical well-being. Based on these findings, the ALJ found that Plaintiff has not been disabled as defined in the Social Security Act since August 28, 2012, the date the application was filed.

### **Plaintiff's Allegations**

Plaintiff asserts that the finding that she had "less than marked" limitations in interacting and relating to others was legally insufficient and not supported by substantial evidence; the ALJ failed to properly evaluate the opinions of her teacher, Ms. Pry, in regard to social functioning; and the ALJ's credibility determination was contrary to law and not supported by substantial evidence.

### **Analysis**

#### Credibility Determination

"In determining whether a child is disabled, the agency will accept a parent's statement of a child's symptoms if the child is unable to adequately describe them." *Knight ex rel. P.K. v. Colvin,* 756 F.3d 1171, 1176 (10th Cir. 2014)(citing 20 C.F.R. § 416.928(a)). " 'In such a case, the ALJ must make specific findings concerning the credibility of the parent's testimony, just as he would if the child were testifying.' " *Id.* (quoting *Briggs ex rel. Brings v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001). In doing so, "the [ALJ] must consider the entire case record and give specific reasons for the weight given to the individual's statements." SSR 96–7p, 1996 WL 374186, at *4 (July 2, 1996). "This documentation is necessary in order to give the individual a full and fair review of his or her claim, and in order to ensure a well-reasoned determination or decision." *Id.*

In the present case, the ALJ said the following about the credibility of the testimony

4

of Plaintiff's parents:

> The undersigned finds the testimony appeared open and honest but no significant weight or credibility was given to the testimony, as their other two children are perfect and never acted out like the claimant. The undersigned has also considered the medication list at 11E and 13E.

[R. 16]. The Commissioner "admits this reason is not well supported by the record and the ALJ's reasoning here is unclear." [Dkt. 22, p. 7]. The Commissioner argues, however, that no reversible error occurred because of the many other reasons the ALJ offered for not finding the parents' statements fully credible. *Id.* The problem with the Commissioner's assertion is that the ALJ did not express any other reasons why she thought the parents' testimony was unbelievable.

The Commissioner's brief offers many reasons why the ALJ *might* have rejected Plaintiff's credibility. But the ALJ cited none of these reasons. The court declines to pick through the evidence to determine whether there might be evidence to support the ALJ's credibility determination. "[The] court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga v. Astrue*, 482 F.3d 1205, 1207-08 (10th Cir. 2007) see also, *Allen v. Barnhart*, 357 F.3d 1140, 1142, 1145 (10th Cir.2004) (holding that district court's post hoc effort to salvage the ALJ's decision would require the court to overstep its institutional role and usurp essential functions committed in the first instance to the administrative process); *Robinson v. Barnhart,* 366 F.3d 1078, 1084-85 (10th Cir.2004) (per curiam) (same); *SEC v. Chenery Corp.,* 318 U.S. 80, 88, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

The ALJ's decision cannot be sustained where, as here, the ALJ failed to engage in a credibility analysis. *See Knight v. Colvin,* 756 F.3d 1171, 1176 (10th Cir. 2014)

(reversing child's case for failure to make proper credibility determination). *Brown v. Colvin*, 595 Fed. Appx. 803, 805 (10th Cir. 2014) (same).

<u>Weighing of Ms. Pry's Statement</u>

Ms. Pry, Plaintiff's fourth grade special education math teacher, from August 2013 to March 31, 2014 completed a statement reporting her observations of Plaintiff in the classroom. [R. 232-233]. Plaintiff asserts that the ALJ erred because, although the ALJ outlined the content of the statement, she did not evaluate Ms. Pry's statement as an "other source statement" as set out in *Social Security Ruling* (SSR) 06-3p, 2006 WL 2329939 at *4-5. On remand, the ALJ should comply with SSR 06-3p in evaluating Ms. Pry's statement.

<u>Limitations in Interacting and Relating with Others</u>

Plaintiff argues that the ALJ's determination that she has a less than marked limitation in the domain of interacting and relating with others is not supported by substantial evidence. On remand the credibility analysis and further consideration of Ms. Pry's statement may impact the rating, or the rationale for the rating, in this area such that it does not make sense to address this allegation of error.

## Conclusion

The court finds that the denial decision should be REVERSED and the case REMANDED for further proceedings as set out herein.

SO ORDERED this 17th day of May, 2017.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE